# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| Justin Jones, | : |
| | : Civil Action No.: 4:17-cv-541 |
| Plaintiff, | : |
| v. | : |
| | : |
| ProCollect, Inc., | : |
| | : **COMPLAINT** |
| Defendant. | : JURY |
| | : |
| | : |

For this Complaint, Plaintiff, Justin Jones, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Justin Jones ("Plaintiff"), is an adult individual residing in Frisco, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

5.      Plaintiff allegedly incurred multiple financial obligations (the "Debts").

6.      The Debts arose from services which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      The Debts were purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed to collect the Debts.

8.      Defendant attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      ProCollect Engages in Harassment and Abusive Tactics**

9.      Plaintiff allegedly owes three debts being collected by ProCollect.

10.      In March 2017, Plaintiff contacted ProCollect in an effort to repay one of the debts because it was appearing on his credit report.  The other two debts were not appearing on Plaintiff's credit report because they are past the statute of limitations for credit reporting.

11.      Plaintiff informed ProCollect that he wished to pay only the debt that was appearing on his credit report.

12.      In response, ProCollect told Plaintiff that he had to pay all three accounts in order to have that debt removed from his credit report.

**C.      Plaintiff Suffered Actual Damages**

13.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14.      As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

2

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**</u>

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

18.     Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

19.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

21.     Plaintiff is entitled to damages as a result of Defendant's violations.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 4, 2017

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*